Charles C. Sipos, Bar No. 348801
CSipos@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Natalie K. Sanders, Bar No. 329916
NSanders@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.310.788.3399

Attorneys for Defendants PepsiCo, Inc. and Stokely-Van Camp, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX KONONENKO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO, INC., New York corporation, STOKELY-VAN CAMP, INC., Illinois corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:26-cv-5731<br><br>NOTICE OF REMOVAL |

Defendants PepsiCo, Inc. ("Pepsi") and Stokely-Van Camp, Inc. ("Stokely" and, collectively, "Defendants") respectfully notifies the Court pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, that it hereby removes this case from the Superior Court of California, County of Santa Clara, to the United States District Court for the Northern District of California. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b). In support of this Notice of Removal and this Court's jurisdiction, Defendants state as follows:

## THE STATE COURT ACTION

1. On May 14, 2026, Alex Kononenko ("Plaintiff") filed a putative class action complaint in the Superior Court of California, County of Santa Clara, captioned *Alex Kononenko v. PepsiCo, Inc., Stokely-Van Camp, Inc.*, No. 26CV493594 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit A.

2. Defendants were served under section 415.30 of the California Code of Civil Procedure by Notice and Acknowledgment of Receipt, which was returned on June 4, 2026. A copy is included in Exhibit A.

3. Plaintiff purports to bring this action on behalf of nationwide and California classes of consumers who purchased various Gatorade-branded beverage products, including Gatorade Lower Sugar Electrolyte Sports Drink, Gatorade Zero Sports Drink Mix, Gatorade Gatorlyte Rapid Rehydration Electrolyte Beverage, Gatorade Zero Sports Drink, Gatorade Fit Sports Drink, Gatorade Zero Tablets, Gatorade Gx Pods, Gatorade Electrolytes Propel Tablets, Gatorlyte Electrolyte Beverage Powder, Gatorade Electrolytes Propel Powder, and Gatorade Hydration Booster Powder, that bear the label claims "no artificial flavors, sweeteners, or colors from artificial sources" and "naturally flavored with other natural flavors" (collectively, the "Products") within four years prior to the filing of the Complaint. Compl. ¶¶ 1, 5, 43. Plaintiff alleges that the nationwide class "consists of tens of thousands of purchasers (if not more) dispersed throughout the United States," and that the California subclass "likewise consists of thousands of purchasers (if not more) dispersed throughout the State of California." *Id.* ¶ 46.

4. In the Complaint, Plaintiff alleges that the marketing and labeling of the Products

are false and misleading because the Products are advertised as having "no artificial flavors" and being "naturally flavored with other natural flavors", when, according to Plaintiff, the Products contain citric acid, which Plaintiff alleges is artificial and functions as a flavor. *Id*. ¶¶ 1–2; 23–24.

5. Plaintiff seeks, among other things, "damages, restitution, and/or disgorgement of ill-gotten gains" on behalf of himself and the putative classes. *Id*. ¶ 146(d). More specifically, Plaintiff seeks economic damages on behalf of the California subclass, claiming that he and the putative class "lost the purchase price for the Products," thereby alleging that the full price of the Products constitutes the relevant economic injury. *Id.* ¶¶ 60, 65, 100, 115. Further, Plaintiff seeks restitution on behalf of both the Nationwide class and California subclass in the "the amounts paid for the Products, and any interest that would have accrued," in addition to punitive damages. *Id.* ¶¶ 128, 129. Plaintiff also seeks class certification, declaratory relief and injunctive relief requiring Defendants to "immediately cease and desist[] from selling" the Products as well as to "engage in an affirmative advertising campaign." *Id.* ¶ 146(c). Lastly, Plaintiff seeks an award of attorneys' fees and costs. *Id.* ¶146(f).

**GROUNDS FOR REMOVAL**

6. "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . " 28 U.S.C. § 1441(a). This action is removable under § 1441 because the District Courts of the United States have original jurisdiction over it pursuant to CAFA. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

7. CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, and as shown in the accompanying declaration of Heather Farina, these requirements are met, and this matter is removable.

**A. The putative class is comprised of more than 100 members.**

8. This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. Under CAFA, class actions must have at least 100 members in the putative class. 28 U.S.C. § 1332(d)(5)(B). Plaintiff acknowledged that the nationwide class consists of "tens of thousands of purchasers (if not more)" and the California Subclass "likewise consists of thousands of purchasers (if not more)." Compl. ¶ 46. By Plaintiff's own allegations, this element is met.

**B. The aggregate amount in controversy exceeds $5,000,000.**

10. CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where a class action complaint does not expressly allege that more than $5 million is in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In the Ninth Circuit, a removing defendant's notice of removal "need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). If a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions. *Id.*; *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 965 (9th Cir. 2020) (denying challenge to removal when underlying assumptions regarding amount in controversy were not shown to be unreasonable).

11. Plaintiff's demand for monetary recovery—including compensatory damages, restitution, disgorgement, punitive damages, and attorneys' fees—places well over $5,000,000 in controversy. *See* Compl. ¶¶ 65, 100, 115, 128, 146.

12. First, Plaintiff seeks monetary recovery for Products sold during the entire class period, defined as "within four years prior to the filing of this Complaint through present." *See* Compl. ¶ 43. More specifically, Plaintiff seeks a judgment amounting to the total revenue generated

from the sale of the Products during the class period in the United States—which would exceed $5 million. *See id.* at Prayer for Relief (seeking "damages, restitution, and/or disgorgement" and "punitive damages, statutory penalties, and/or monetary fines"). Plaintiff specifically alleges that he and putative Class Members "lost the purchase price for the Products," thereby alleging that the full price of the Products constitutes the relevant economic injury. *Id.* ¶¶ 60, 65, 100, 115. Further, Plaintiff seeks restitution on behalf of the Nationwide Class and California Subclass for "the amounts paid for the Products." *Id.* ¶¶ 128, 146. As such, Plaintiff's requested relief places in controversy the nationwide sales of the Products during the relevant class period.

13. Given Plaintiff's intent to recover a complete refund of the purchase price paid, restitution potentially awarded in this matter may be equal to the total retail sales figure over the class period, which exceeds $5 million. As explained by the declaration of Heather Farina, total sales of the Products to consumers located in the United States exceeded $5 million during the class period. *See* Exhibit B, ¶ 4; *see also Nathan v. Fry's Elecs. Inc.*, 607 F. App'x 623, 623 (9th Cir. 2015) (accepting declaration from company representative that sales in California exceeded $5 million).

14. Second, the Complaint also seeks injunctive relief. Compl. ¶¶ 64, 75, 83, 92, 146. When the plaintiff seeks injunctive relief, the cost of complying with the injunction is included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Under the Ninth Circuit's "either viewpoint" rule, the "test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S.D.)*, N.A., 264 F.3d 952, 958 (9th Cir. 2001). "In other words, where the value of plaintiff's recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id.* Here, compliance with the injunction—namely the request to "engage in an affirmative advertising campaign to dispel the public misperception of the Products," as well as to "immediately cease and desist from selling the unlawful Products" also counts towards the amount in controversy. Compl. ¶ 146.

15. Restitution, disgorgement, and damages as well as injunctive relief are implicated

in Plaintiff's allegations and should be considered in reaching the CAFA amount in controversy, which is well over $5 million. Accordingly, the amount in controversy prong for CAFA jurisdiction is satisfied.

**C. The parties are minimally diverse.**

16. The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

17. Plaintiff asserts that he is a citizen of California. Compl. ¶ 10.

18. Neither Defendant is a citizen of California. Pepsi is a North Carolina corporation that maintains its principal place of business in New York. Compl. ¶ 12. Further, Stokely is an Indiana corporation that maintains its principal place of business in Illinois. *id.*; *see also* 28 U.S.C. § 1332(c)(1) (noting that a corporation is a citizen of the state in which it is incorporated and maintains its primary place of business). Thus, at least one Plaintiff is a citizen of a different state from both Defendants, and CAFA's minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(2).

**D. There are no barriers to removal.**

19. This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

20. Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two-thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). Section 1332(d)(4) does not apply here because neither Pepsi nor Stokely is a citizen of California, the state in which the action was originally filed.

21. Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that §

1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id*. § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues.

**E. Venue and intra-district assignment are proper.**

22. The Northern District of California, San Jose Division is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Superior Court of California, Santa Clara County, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

**F. Defendants have satisfied all other requirements of the removal procedure.**

23. This Notice of Removal is timely filed. Defendants were served and this Notice of Removal was filed and served within 30 days of that service, in compliance with 28 U.S.C. § 1446(b).

24. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants are being filed herewith. These documents are attached hereto as Exhibit A. A true and correct copy of the State Court's docket is attached hereto as Exhibit C.

25. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve on Plaintiff and file with the State Court a "Notice to Adverse Party and State Court of Removal to Federal Court." Defendants will also file with this Court a "Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court."

**RESERVATION OF RIGHTS AND DEFENSES**

26. Defendants expressly reserve all their defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Defendants' defenses.

**CONCLUSION**

27. WHEREFORE, Defendants request that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as

are necessary to achieve the removal of this matter to this Court from the California state court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court proceeding.

Dated: June 12, 2026

**PERKINS COIE LLP**

By: */s/ Charles C. Sipos*
Charles C. Sipos, Bar No. 348801
Natalie K. Sanders, Bar No. 329916

Attorneys for Defendants PepsiCo, Inc. and Stokely-Van Camp, Inc.